# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Robert M. Bernstein<br>To Call Writer Directly:<br>(202) 879-5042<br>robert.bernstein@kirkland.com | 655 Fifteenth Street, N.W.<br>Washington, D.C.  20005<br><br>(202) 879-5000<br><br>www.kirkland.com | Facsimile:<br>(202) 879-5200 |

May 2, 2017

**By Electronic Case Filing**

Patricia S. Connor
Lewis F. Powell, Jr. United States
Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

        Re:    *Banks v. Hornak*, No. 16-6981
                Mr. Banks's Letter Under Rule 28(j)

Dear Ms. Connor:

      Mr. Banks writes under Rule 28(j) to inform the Court of subsequent factual developments that have occurred since briefs were submitted.  For one-and-a-half years, the government has held Mr. Banks, a civil detainee, within this judicial circuit in civil commitment in relation to an ongoing criminal case that has not proceeded past the most preliminary stage. *United States v. Banks*, No. 2:15-cr-168 (W.D. Pa.).

      As Mr. Banks informed the Court in his April 6 reply brief, the District Court issued a March 30 order explaining that the time for a "full report" from the government was "fast approaching," and ordering the government to provide "clear, specific, and definitive answers" to questions about Mr. Banks's mental health. ECF No. 288 at 2.  Since then, the District Court issued another order acknowledging the government's April 5 filing of two documents: a "Certificate of Restoration of Competency to Stand Trial" signed by the warden of the North Carolina facility where Mr. Banks is held and a forensic-evaluation report. *Id.* at 2.  Based on this, the District Court ordered another competency hearing under 18 U.S.C. §4241.  On April 28, the District Court held the supplemental competency hearing, but it made no determination regarding Mr. Banks's competence.  Since then, the District Court has ordered still more submissions from the parties.  ECF Nos. 329, 334, 335.  Accordingly, Mr. Banks remains, as he has been throughout this appeal, in custody pursuant to §4241.

      These developments underscore why Mr. Banks should be permitted to proceed *in forma pauperis* before this Court.  He is not a "prisoner" within the meaning of the three-strikes rule because his ongoing detention is owed to 18 U.S.C. §4241, not to the pending charges.  And

## KIRKLAND & ELLIS LLP

Patricia S. Connor
May 2, 2017
Page 2

even if he were a "prisoner," Mr. Banks does not fall within the three-strikes bar because he is not bringing a civil action or appealing a judgment in one: He both challenges the legality of his federal confinement and seeks to compel the District Court to make a final determination of whether there are grounds for his continued detention, remedies that sound in mandamus and habeas.

Sincerely,

Robert M. Bernstein
KIRKLAND & ELLIS LLP
*Counsel for Petitioner-Appellant*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 2, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system.  I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Robert M. Bernstein<br>
Robert M. Bernstein